UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN C. RUIZ-BUENO, III, et al.,

      Plaintiffs,

                                    Case No. 2:14-cv-2548
  v.                               JUDGE GREGORY L. FROST
                                    Magistrate Judge Terence P. Kemp

MAXIM HEALTHCARE
SERVICES, INC., et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the following filings: Defendants Maxim Healthcare Services, Inc. ("Maxim"), Maria Sylvestri, Damian Snead, Adam Houston, Gary Hall, Mary Compton and Brian Bumgardner's motion to dismiss (ECF No. 11), Plaintiffs' response in opposition (ECF No. 24), and Maxim, Sylvestri, Snead, Houston, Hall, Compton and Bumgardner's reply memorandum (ECF No. 28); Defendants Delaney Smith, Tara Tallarico, Twin Valley Behavioral Healthcare ("TVBH"), and Adam Wooten's motion to dismiss (ECF No. 22), Plaintiffs' memorandum in opposition (ECF No. 31), and Smith, Tallarico, TVBH, and Wooten's reply memorandum (ECF No. 33); and Defendants John Tilley and Behavioral Science Specialists, LLC's ("BSS") motion to dismiss (ECF No. 26), Plaintiffs' memorandum in opposition (ECF No. 32), and Tilley and BSS's reply memorandum (ECF No. 34.)  For the reasons that follow, the Court **GRANTS** the motions and **DISMISSES** Plaintiffs' complaint.

    **I.**        **BACKGROUND**

This case involves the death of Edward Peterson, who died while incarcerated at the Franklin County Correctional Center II ("FCCC").  The facts of this case are fully set forth in a

1

related case, *Ruiz-Bueno v. Scott*, Case No. 2:12-cv-809 (S.D. Ohio filed Sept. 4, 2012) (the "First Lawsuit"). In the First Lawsuit, Plaintiffs sued fifty-three defendants, all of whom were employees of the Franklin County Sheriff's Office ("FCSO") who worked in the FCCC section where Peterson was confined ("FCSO Defendants"). Plaintiffs brought an Eighth Amendment claim under 42 U.S.C. § 1983 and alleged that FCSO Defendants failed to secure and/or provide adequate medical care, which resulted in Peterson's death. Plaintiffs also brought a state-law claim for "negligent medical care," among other claims.

In an Opinion and Order dated October 16, 2014, the Court granted summary judgment to all but two FCSO Defendants and denied qualified immunity to the remaining two. Plaintiffs appealed that decision shortly thereafter. Less than one month after filing a notice of appeal, Plaintiffs filed the lawsuit that is now before the Court.

In this lawsuit, Plaintiffs name twelve new defendants, as well as Jane Does 1–10 (collectively, "Defendants"), all of whom were tasked with providing medical care to Peterson during the time he was incarcerated. Plaintiffs bring a claim for relief under § 1983 and allege that Defendants violated Peterson's constitutional right to adequate medical care. Plaintiffs also bring three state law claims for wrongful death, survivorship, and loss of consortium.

Defendants moved to dismiss Plaintiffs' complaint on statute of limitations grounds. It is undisputed that Plaintiffs' § 1983 claim is subject to a two-year statute of limitations. The following dates are relevant to Defendants' motions:

- Peterson died on September 4, 2011.

- On April 6, 2012, the Franklin County Sheriff's Office released a report detailing an internal affairs investigation of Peterson's death (the "Report"). The Report recommended discipline against several FCSO employees and their supervisors for failing to clean Peterson's cell, failing to replace Peterson's mattress after he destroyed it, and failing to properly conduct rounds, among

    other misconduct. The report referenced Peterson's medical care but the medical professionals' identifying information was redacted.

- Plaintiffs filed the First Lawsuit on September 4, 2012 against FCSO Defendants (all of whom were named in the Report). Plaintiffs asserted a claim for violations of Peterson's Eighth Amendment right to adequate medical care, as well as state-law claims for negligent provision of medical care, wrongful death, and loss of consortium.

- In the summer of 2013, Plaintiffs allegedly received a copy of the unredacted Report, which included Peterson's jail medical file.

- In December of 2013, Plaintiffs deposed an individual named Doug Hahn in the First Lawsuit. Mr. Hahn testified that Peterson did not look well in the days leading up to his death and that he (Mr. Hahn) requested that medical personnel treat Peterson at that time.

- Shortly thereafter, in late 2013 and early 2014, Plaintiffs allegedly learned from their expert in the First Litigation that Peterson's death "was not a one-day event, and in fact, was caused by the buildup of edema fluid in Mr. Peterson's body." (ECF No. 1 ¶ 40.)

- The Court adjudicated FCSO Defendants' motions for summary judgment on October 16, 2014. Plaintiffs appealed that decision on November 18, 2014.

- Plaintiffs filed the present lawsuit on December 8, 2014. Plaintiffs now allege that Defendants violated Peterson's right to adequate medical care.

Plaintiffs addressed the statute of limitations in their complaint. Specifically, in a section labeled "Facts Relevant to Statute of Limitations/Discovery Rule," Plaintiffs acknowledged that their § 1983 claim is subject to a two-year statute of limitations. Plaintiffs alleged that they "did not have sufficient knowledge of any wrongdoing by Defendants until December 2013 when they deposed Mr. Hahn." (ECF No. 1 ¶ 41.) Plaintiffs conclude: "this action is timely because it was filed within 2 years of the discovery of the facts that led to Mr. Peterson's death." (*Id.* ¶ 42.)

    The Court now considers the parties' arguments.

## II. DISCUSSION

### A. Standard of Review

Defendants invoke Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal if a complaint fails to state a claim upon which a court can grant relief. A court analyzing a Rule 12(b)(6) motion may consider the complaint, public records, and documents central to the claim that are referenced in the complaint. *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained therein as true, and determine whether those factual allegations present a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A court may grant a Rule 12(b)(6) motion on the basis of an affirmative defense if the defense appears on the face of the complaint. *See, e.g., Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008); *Doe v. Dublin City Sch. Dist.*, No. 2:09-cv-738, 2010 WL 1434318, at *4 (S.D. Ohio Apr. 8, 2010), *aff'd*, 453 F. App'x 606 (6th Cir. 2011).

Here, the parties do not dispute that the Court can consider the filings in the First Lawsuit (which are public records) in adjudicating Defendants' motions to dismiss. The parties similarly do not dispute that Plaintiffs addressed the statute of limitations defense on the face of their complaint such that the issue is now ripe for decision.

### B. Analysis

Plaintiffs' § 1983 claim is subject to a two-year statute of limitations. *See, e.g., Hurst v. Ohio Bureau of Investigation & Identification*, Nos. 2:14-cv-2601, 2:14-cv-2657 & 2:14-cv-2658, 2015 WL 471237 (S.D. Ohio Feb. 4, 2015) (citing *Banks v. Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)); *Browning v. Pendleton*, 869 F.3d 989, 992 (6th Cir. 1989). "[F]ederal law

4

governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).[1]

It is well settled in the Sixth Circuit that "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 273. To determine the injury, courts "look to the event that should have alerted the typical lay person to protect his or her rights. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Sevier*, 742 F.2d at 273.

Importantly, the focus of the inquiry is the plaintiff's *injury*; not the identity of the person who allegedly caused that injury. *See Dowdy v. Prison Health Servs.,* 21 F. App'x 433, 435 (6th Cir. 2001). In other words, once a party has reason to know of an event that should alert him to protect his rights under § 1983, he has two years to identify the correct defendants and file suit.

Here, the alleged injury (asserted on Peterson's behalf by his estate) is Peterson's failure to receive adequate medical care in the weeks/days leading up to his death. The question is when the statute of limitations began running on that injury.

The parties offer various times at which the statute of limitations began to run; however, that dispute is of no consequence. Regardless of whether the inquiry focuses on Peterson's knowledge or that of his estate, and regardless of whether the statute typically begins to run at the injured person's death or at some other point, it cannot be disputed that Plaintiffs knew of and understood Peterson's injury on September 4, 2012, when they filed a lawsuit for failure to provide adequate medical care. By that point, Plaintiffs knew of the injury Peterson allegedly suffered and retained counsel for the purpose of rectifying that injury. The statute of limitations

---

[1] Because federal law governs the issue with respect to § 1983, Plaintiffs' citation of Ohio case law throughout their briefs is not relevant to their arguments.

therefore elapsed at some point before September 4, 2014. Plaintiffs' § 1983 claim, filed on December 8, 2014, is time barred.

Plaintiffs' arguments to the contrary are not persuasive. Plaintiffs argue that they did not discover Defendants' identities because the initial internal affairs report was redacted, but as stated above, this fact has no bearing on the question before the Court. *See Dowdy*, 21 F. App'x at 435. Plaintiffs' argument that they could not have satisfied the *Iqbal/Twombly* pleading standard until they knew Defendants' names fails for the same reason.[2] And finally, Plaintiffs' argument that they are not responsible for reviewing medical records (supported by authority from a state appellate court in Illinois) is not relevant to the Court's analysis.

Plaintiffs' final argument, that equitable tolling should apply to extend the statute of limitations in this case, is similarly without merit. Plaintiffs argue that they worked diligently to discover who was responsible for Peterson's injury (death caused by inadequate medical care) but were incapable of discovering that Defendants (those tasked with providing Peterson's medical care) were responsible for Peterson's injuries, but this argument defies common sense. Plaintiffs had two years to discover Defendants' identities and file suit against them. They have not asserted any reason that would justify equitable tolling in this case.

The Court concludes that the statute of limitations bars Plaintiffs' § 1983 claim. The Court accordingly **GRANTS** Defendants' motions to dismiss this claim.

### C. State-Law Claims

The same analysis applies to Plaintiffs' state law claims. Plaintiffs concede that these claims are subject to a two-year statute of limitations (at most). And Plaintiffs do not dispute that Ohio courts apply the same general rules as federal courts regarding the time at which the

---

[2] The latter argument is particularly unpersuasive given that, in this case, Plaintiffs filed suit against Jane Does 1–10, thereby indicating that they intend to discover additional Defendants' identities through this litigation.

6

statute of limitations begins to run. *See, e.g., Flowers v. Walker*, 63 Ohio St. 3d 546, 549–50, 589 N.E.2d 1284 (1992) (holding that the statute of limitations begins to run when the plaintiff discovers, or should have discovered in the exercise of reasonable care and diligence, the resulting injury, regardless of whether the plaintiff knows the tortfeasors' identity at that point).

As stated above, Plaintiffs had knowledge of Peterson's injury on September 4, 2012 at the absolute latest. The statute of limitations on Plaintiffs' state-law claims began running at some point before that date. Those claims, filed on December 8, 2014, are time barred. The Court accordingly **GRANTS** Defendants' motions to dismiss the state-law claims.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. The Clerk is **DIRECTED** to enter judgment accordingly and dismiss this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**